IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JUNE PRYOR AVANCE, ET AL.** § | | |
| Plaintiffs § | | |
| § | | |
| V. § | No.  5:04CV209 | |
| § | | |
| **KERR-MCGEE CHEMICAL LLC** § | | |
| Defendant § | | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration.  Plaintiffs Collvins and Sipes filed objections to the Report and Recommendation.  The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## FACTUAL BACKGROUND

June Pryor Avance and numerous other plaintiffs filed this lawsuit against Kerr-McGee Chemical LLC ("Defendant"), seeking damages caused by their alleged exposure from 1960 to 2004 to Defendant's creosote and pentachlorophenol.

## PROCEDURAL BACKGROUND

On March 10, 2005, Defendant filed its motion for partial summary judgment regarding Plaintiffs James Sipes "(Sipes") and Brian Collvins ("Collvins")(collectively "Plaintiffs"). Sipes and Collvins were each employed at Defendant's Texarkana facility, located on Buchanan Road, in Texarkana, Texas, at various times between 1995 and 2002.  Sipes and Collvins contend they were

exposed to creosote, pentachlorophenol, and their components during the course of their employment and sustained injuries as a result. Collvins alleges he suffers from "creosote warts" and possible skin cancer. Sipes alleges he suffers from skin cancer. In its motion, Defendant moves for partial summary judgment, asserting the claims asserted by Collvins and Sipes are barred by the exclusivity provisions of the Texas Workers' Compensation Act.

On June 21, 2005, the Magistrate Judge conducted a hearing on Defendant's motion. On July 14, 2005, the Magistrate Judge issued a Report and Recommendation recommending Defendant's motion be granted.

## REPORT AND RECOMMENDATION

In her Report and Recommendation dated July 14, 2005, the Magistrate Judge correctly noted that workers' compensation is not a bar where "'*the employer believes his conduct is substantially certain to cause the injury.*'" *Rodriguez v. Naylor Industries, Inc.*, 763 S.W.2d 411, 412 (Tex. 1989), *quoting Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985)(emphasis in original). The issue before the Magistrate Judge was whether Plaintiffs had presented evidence that Defendant knew that creosote was carcinogenic and that wood preservers could be exposed to toxic levels of creosote. The Magistrate Judge concluded that Plaintiffs' evidence does not create a genuine issue of material fact that Defendant knew to a substantial certainty that it was causing Collvins and Sipes bodily injury by exposing them to dangerous levels of creosote. The Magistrate Judge stated that while the summary judgment evidence might raise a question of fact concerning gross negligence, it does not raise a question of fact that Defendant knew with substantial certainty that Collvins and Sipes would be injured.

## **OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Plaintiffs raise the following objections to the Magistrate Judge's Report and Recommendation. First, Plaintiffs contend that the Magistrate Judge failed to give due regard to the record evidence they contend shows that Defendant knew to a substantial certainty that it was harming Plaintiffs. Second, Plaintiffs assert that the Magistrate Judge failed to recognize "sub-clinical injury" authorities which purportedly indicate a repeated exposure to a substance may in and of itself constitute bodily harm.

## *DE NOVO* **REVIEW**

The Magistrate Judge set forth approximately five pages of summary judgment evidence in her Report and Recommendation at pages 6-10. Viewing the evidence in the light most favorable to Plaintiffs and relying in part on *Reed Tool Co.*, the Magistrate Judge found Plaintiffs' evidence establishes gross negligence at best. Specifically, the Magistrate Judge noted there is evidence in the record that Defendant did routinely have safety meetings. According to the Magistrate Judge, there is evidence in the record that Defendant did fit Collvins with a respirator on May 28, 1996 and that Defendant did have a "fume hood" in the maintenance shop and that workers were provided with two or three different kinds of gloves (leather gloves, welding gloves, thin latex gloves). (Pl. Ex. H, pg. 153, lines 19-21)(Pl. Ex. I, pg. 15, lines 6-8). Finally, the Magistrate Judge noted that there is evidence that the workers were provided with "tie vac suits that are little thin plastic suits . . . to keep the moisture, the creosote off of" them. (Pl. Ex. I, pg. 18, lines 16-19). According to the Magistrate Judge, this evidence further distinguishes the facts of this case with those involved in *Swope v. Columbian Chemical Company*, 281 F.3d 185 (5th Cir. 2002), wherein the record reflected that the defendant never provided the plaintiff with proper equipment.

In their objections, Plaintiffs rely on *Swope*, asserting that repeated exposure to unsafe levels of a hazardous chemical constitutes bodily injury. Not only was *Swope* decided under Louisiana law, but the plaintiff in *Swope* suffered irreversible lung damage as a result of repeated, long term exposure to ozone during the course of his employment. The Fifth Circuit held there was a fact issue as to whether the defendant knew to a substantial certainty that it was causing the plaintiff harm. *Swope*, 281 F.3d at 194. The plaintiff in *Swope* presented evidence of acute episodes of ozone poisoning which occurred in the plant, episodes which resulted in emergency room trips, loss of consciousness, and occasions of violent and sudden illness. *Id.* at 198-99. In addition, the plaintiff introduced deposition testimony showing the defendant knew that it was requiring the plaintiff and other employees to inhale dangerous levels of ozone without protective equipment. *Id.* at 197-98.

Plaintiffs also rely on the "sub-clinical injuries" theory. *See Guaranty Nat'l. Ins. Co. V. Azrock Indus., Inc.*, 211 F.3d 239, 244 (5th Cir. 2000); *see also Pilgrim Enters., Inc. V. Maryland Cas. Co.*, 24 S.W.3d 488, 497-98 (Tex. App – Houston [1st Dist.] 2000, no pet). Plaintiffs' reliance on these cases is misplaced. Both cases address the definition of "bodily injury" as used in insurance policies. Neither case supports a departure from a showing of intent in the personal injury context. The Magistrate Judge correctly found that knowledge of the possible risk of creosote is insufficient to demonstrate, in and of itself, the specific intent to injure as required under Texas law. Plaintiffs' evidence, even if believed, does not raise a question of fact that Defendant knew with substantial certainty that Collvins and Sipes would be injured.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. No. 30) is **GRANTED.**

**SIGNED this 12th day of October, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE