IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JUNE PRYOR AVANCE, ET AL. § | | |
| Plaintiffs § | | |
| § | | |
| V. § | No. 5:04CV209 | |
| § | | |
| KERR-MCGEE CHEMICAL LLC § | | |
| Defendant § | | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiffs filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

June Pryor Avance and numerous other plaintiffs ("Plaintiffs") filed this lawsuit against Kerr-McGee Chemical LLC ("Defendant"),[1] seeking damages caused by their alleged exposure from 1960 to 2004 to Defendant's creosote and pentachlorophenol. On April 4, 2005, Plaintiffs filed a motion for partial summary judgment on negligence per se. Plaintiffs moved for partial summary judgment under Rule 56(d), seeking a holding that Defendant's violation of former 31 TAC § 335.4 (now 30 TAC § 335.4) constitutes negligence per se with regard to any plaintiffs exposed to creosote and pentachlorophenol in Wagner, Days, and Howard Creeks during the time of the violation, and

---

[1] Effective September 15, 2005, Kerr-McGee Chemical LLC, a Delaware Limited Liability Company, changed its name to Tronox LLC.

Defendant is collaterally estopped from denying that it breached former 31 TAC § 335.4 by Texas Water Commission's September 30, 1986 Agreed Order ("Agreed Order"), finding that Defendant violated the regulation. The Magistrate Judge held a hearing on Plaintiffs' motion on June 21, 2005 and issued a Report and Recommendation on October 24, 2005, recommending Plaintiffs' motion be denied.

## REPORT AND RECOMMENDATION

Specifically, after examining the language of the Agreed Order, the Magistrate Judge held that Plaintiffs failed to meet their burden of demonstrating that the Agreed Order merits preclusive effect. The Court noted that Defendant agreed to enter into the Agreed Order and agreed to perform the steps outlined there, but no actual litigation occurred as a result of this agreement. In addition, the Magistrate Judge was not convinced that the Texas Water Commission was acting in a judicial capacity as is required for application of offensive collateral estoppel. Finally, the Magistrate Judge disagreed with Plaintiffs that causation is not material to Plaintiffs' motion. The Magistrate Judge stated that Plaintiffs cannot stand on the bare assumption that the alleged violations addressed in the Agreed Order caused their injuries.

## PLAINTIFFS' OBJECTIONS

Plaintiffs object to the Magistrate Judge's recommendation for the following reasons. First, Plaintiffs contend that they are seeking partial summary judgment for only breach of the duty of care, not for both breach of duty and proximate causation. Therefore, Plaintiffs assert the causation issue is not material. Second, Plaintiffs maintain that although the Agreed Order was entered with the consent of Defendant and the Texas Water Commission, Texas courts hold that the "actually litigated" element of collateral estoppel is satisfied where, as here, the parties resolve the issue in the

consent order and the tribunal subsequently approves the consent order. Finally, Plaintiffs assert that by the time the Texas Water Commission issued the Agreed Order, it was acting in a judicial capacity, rather than in an enforcement capacity. Therefore, based on the Agreed Order, Plaintiffs assert Defendant is collaterally estopped from denying that it breached 31 TAC § 335.4.

## DEFENDANT'S RESPONSE

Defendant filed a response to Plaintiffs' objections, first asserting that the findings of the Agreed Order cannot now bind Defendant because those findings were the result of an enforcement action and were not actually litigated. Next, Defendant asserts that Plaintiffs' argument regarding the causation issue ignores the requirements of negligence per se and the facts of the alleged violation. Specifically, in this regard, Defendant argues that the alleged violations referenced in the Agreed Order occurred at a particular, specific geographic point on a particular date and related to a particular substance. Defendant maintains that Plaintiffs have failed to draw a causal nexus between the waters of Wagner Creek and their own alleged exposures and injuries. Defendant contends Plaintiffs have pointed to no authority supporting their contention that the Magistrate Judge erred in considering the lack of a causal connection between the alleged violation and Plaintiffs' alleged damages.

## *DE NOVO* REVIEW

Plaintiffs' objections are without merit. The Magistrate Judge correctly concluded that Plaintiffs failed to meet their burden of demonstrating that the Agreed Order merits preclusive effect. In making her recommendation, the Magistrate Judge relied on the express language of the Agreed Order:

> SUBJECT: Request for *Enforcement Action* – Kerr-McGee Chemical Corporation

> Solid Waste Registration No. 31002 Enforcement and Field Operations Division hereby requests that the Office of the General Counsel schedule immediate *enforcement action* concerning the subject company.

(Emphasis added). According to the Texas Water Commission Interoffice Memorandum dated July 16, 1985, Defendant requested that the Office of General Counsel schedule an immediate *enforcement* action. Defendant agreed to enter into the Agreed Order and agreed to perform the steps outlined in the Agreed Order. Therefore, no actual litigation occurred as is required for collateral estoppel. Moreover, Plaintiffs have not convinced the Court that the Texas Water Commission was acting in a judicial capacity, as opposed to an enforcement capacity, as is required for application of offensive collateral estoppel.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on Negligence Per Se (Dkt. No. 41) is hereby **DENIED**.

**SIGNED this 5th day of December, 2005.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　DAVID FOLSOM
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE