IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JUNE PRYOR AVANCE, ET AL.** § | | |
| Plaintiffs § | | |
| § | | |
| V. § | No.  5:04CV209 | |
| § | | |
| **KERR-MCGEE CHEMICAL LLC** § | | |
| Defendant § | | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Plaintiffs' Motion to Strike Robert H. Murray's Expert Report and to Strike Mr. Murray as a Defense Expert (Docket Entry # 245) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion.  The Court, having considered the relevant briefing, is of the opinion the motion should be **DENIED**.

### I. FACTUAL BACKGROUND

June Pryor Avance and numerous other plaintiffs ("Plaintiffs") filed this lawsuit against Kerr-McGee Chemical LLC ("Defendant"), seeking damages caused by their alleged exposure from 1960 to 2004 to Defendant's creosote and pentachlorophenol.

### II. PLAINTIFFS' MOTION

In their current motion, Plaintiffs move to strike Robert H. Murray ("Murray") as an expert witness for Defendant and to strike his expert report.[1]  According to Plaintiffs, on March 31, 2005, the Court issued a Scheduling Order requiring Defendant to disclose the identity of its expert

---

[1] Robert H. Murray is a civil engineer and partner in Murray, Thomas & Griffin in Texarkana, Texas.

witnesses by July 1, 2005. Plaintiffs assert Defendant disclosed its expert witnesses and certain other fact witnesses, including Murray, who was clearly designated as a fact witness in that disclosure. Plaintiffs further assert that disclosure plainly states that Murray was not retained by Defendant as a testifying expert. Subsequently, on February 6, 2006, Defendant filed its Notice of Service of Expert Reports. Plaintiffs state this document refers to Murray for the first time as an expert witness.

According to Plaintiffs, Defendant subsequently produced two reports by Murray: (1) a five page report describing certain work Murray's engineering firm did on behalf of Defendant to which Plaintiffs do not object; and (2) a 15 page document in which Murray purports to analyze, criticize, and otherwise offer a variety of opinions concerning videotapes of Plaintiffs' homes and neighborhoods being flooded. The second report ("the Flooding Report") is the subject of this motion. Plaintiffs assert Murray has not been offered as an expert photo analyst and was not disclosed by Defendant as an expert. Accordingly, Plaintiffs move that Murray be stricken as an expert witness and that his report, which purports to opine on Plaintiffs' videotapes, be stricken.

In its response, Defendant asserts Murray is not barred from testifying as an expert witness simply because he also has personal knowledge of facts pertinent to this case. Defendant contends its designation disclosed to Plaintiffs that Murray's testimony might include matters that encompass opinions based on his expertise. Defendant states it has met every deadline in disclosing Murray and in producing his expert reports.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 26 provides that a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence. FED. R. CIV. P. 26(a)(2)(A). Rule 26 further provides, in pertinent

part, as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 37 contemplates that a party who fails to provide disclosures cannot use as evidence any witness or information not so disclosed unless the failure to disclose is harmless. FED. R. CIV. P. 37(c)(1). "If full compliance with Rule 26(a) and 26(e)(1) is not made, Rule 37(c)(1) mandates some sanction, the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont.1998). In *Keener*, the court considered a five-part test in determining whether to exclude expert testimony for violating Rule 26:(1) the public's interest in expeditious resolution; (2) a court's need to manage its docket; (3) risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*.

### IV. DISCUSSION

**A.  Defendant's Designation of Murray**

Pursuant to this Court's March 31, 2005 Scheduling Order, Defendant was required to disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" on or before July 1, 2005. *See* Docket Entry # 40; FED.

R. CIV. P. 26(a)(2)(A). On July 1, 2005, Defendant identified and designated Robert H. ("Bob") Murray in the document entitled "KMC'S EXPERT DISCLOSURE." *See* Exhibit A attached to Plaintiffs' mot. This disclosure lists nine expert witnesses, not including Murray. The disclosure further provides as follows:

> KMC further discloses the following fact witnesses who are retained as testifying experts, but who have historical knowledge of matters at issue or potentially at issue in this lawsuit. Though primarily fact witnesses, **they may be called upon to testify on matters that encompass opinions based on their expertise**.

*Id.* Murray was listed under this section. Defendant asserts Murray was also a fact witness due to the number of projects that he and his firm had performed for Defendant over the years.

On February 3, 2006, prior to the deadline for Defendant to submit its expert reports, Defendant produced two reports from Murray to Plaintiffs, one detailing his firm's involvement with the KMC facility and the second analyzing a videotape evidencing flooding that was produced by Plaintiffs during discovery. Plaintiffs request the Flooding Report be stricken. Plaintiffs do not complain that the Flooding Report was not timely produced nor that Murray or his firm is not qualified to make the report. Plaintiffs do not complain that the information contained in the Flooding Report is inaccurate. Plaintiffs' only complaint is that Murray was not timely designated as an expert.

**B.    FED. R. CIV. P. 37(c)(1)**

Defendant argues, with some support, that Plaintiffs were notified by Defendant's expert disclosure that Murray might be called upon to testify on matters that encompass opinions based on his expertise, or in other words, that he might be utilized by Defendant as an expert witness. Assuming *arguendo* that Murray was not timely designated as an expert witness, the Court finds

striking him and one of his expert reports is too severe a sanction. The Court may impose sanctions for failure to timely disclose information required by Rule 26, but the degree and severity should be commensurate with the degree and severity of the violation. FED. R. CIV. P. 37(c)(1). The Court should consider five factors in determining the severity of the violation: (1) the public's interest in expeditious resolution, (2) a court's need to manage its docket, (3) risk of prejudice to the Plaintiffs, (4) public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Keener v. U.S.*, 181 F.R.D. 639, 641 (D. Mont. 1998). These five factors weigh against striking Murray as a defense expert and in not striking his Flooding Report.

There is little risk of prejudice to Plaintiffs. Plaintiffs received Murray's expert reports on February 3, 2006.[2] Trial is set for January 10, 2007. Plaintiffs have adequate time to prepare for trial. *See F.D.S. Marine, LLC v. Brix Maritime Co.*, 211 F.R.D. 396, 400 (D. Or. 2001)(holding that a party's expert should not be stricken for failure to disclose information required by Rule 26 when the other party had more than two months before trial to prepare to examine the expert).

**C.     Good Cause Analysis**

Again, assuming *arguendo* that Defendant did not designate Murray as an expert witness until its February 2006 service of expert reports, a separate issue before the Court is whether Defendant has demonstrated good cause for modifying the Court's deadline for designation of expert witnesses. Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of *good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge." FED. R. CIV. P. 16(b)(emphasis added). The Fifth Circuit has

---

[2] Defendant filed its "Notice of Service of Expert Reports" on February 7, 2006, notifying the Court of the service of Murray's expert reports.

stated four factors trial courts must consider when determining whether good cause exists to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [meet the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

**1.      Defendant's Explanation**

In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan.1995). The party's explanation for seeking relief from the schedule must demonstrate that it could not have met the deadline despite its diligence. Defendant's explanation does not show this.

While Defendant could have listed Murray in the expert witness section of its expert disclosure, the Court also notes Defendant's statement in its disclosure that Murray might be called upon to testify on matters that encompass opinions based on his expertise. The Court is of the opinion this factor does not weigh in favor of modification of Defendant's expert designation deadline.

**2.      The Importance of the Modifications**

The next factor for the Court's consideration involves the relative importance of the modification. According to Defendant, Murray's report rebuts statements contained in an "amateur videotape" of flooding produced by Plaintiffs.[3] Defendant asserts if Plaintiffs are willing to stipulate that the amateur videotape of flooding will not be used to support any allegations that contamination

---

[3] Defendant's response at pg. 4.

from the KMC plant was transported onto their properties, and that neither the tape nor any of the statements contained therein, will be referenced, admitted, or sought to be admitted at trial, then Defendant will agree not to rebut these statements through Murray. The Court is convinced of the importance of the modification of Plaintiff's expert designation deadline and finds this factor weighs in favor of extending Defendant's expert designation deadline.

**3.      Potential Prejudice in Allowing the Modifications**

As noted above, there is little risk of prejudice to Plaintiffs. Plaintiffs received Murray's expert reports on February 3, 2006. Trial is set for January 10, 2007, and Plaintiffs have adequate time to prepare for trial. For these reasons, the Court finds this factor weighs in favor of extending Defendant's expert designation deadlines.

**4.      Availability of a Continuance to Cure such Prejudice**

This case is pending before District Judge David Folsom. The case is set for trial in early January of 2007. The Court is not convinced the parties are unable to prepare for trial. Again, the Court finds this factor weighs in favor of extending Defendant's expert designation deadline.

## V. CONCLUSION

In sum, Defendant has argued, with some support, that Plaintiffs were notified by Defendant's July 1, 2005 expert disclosure that Murray might be called upon to testify on matters that encompass opinions based on his expertise, or in other words, that he might be utilized by Defendant as an expert witness. Assuming *arguendo* that Murray was not timely designated as an expert witness, the Court finds striking him and one of his expert reports is too severe a sanction. Finally, assuming *arguendo* that Murray was not timely designated as an expert witness, the Court has considered all four factors in determining whether good cause exists to allow a deviation from

the Court's scheduling order.  The Court finds good cause for extending the deadline to allow Defendant to designate Robert H. Murray as an expert and to file his expert reports. For these reasons, the Court is of the opinion Plaintiffs' motion should be denied. Based on the foregoing, it is

**ORDERED** that Plaintiffs' Motion to Strike Robert H. Murray's Expert Report and to Strike Mr. Murray as a Defense Expert (Docket Entry # 245) is hereby **DENIED.**

**SIGNED this 10th day of October, 2006.**

/s/ Caroline M. Craven
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE